Harriett D. NESBIT et al., Appellants,

v.

The STATESVILLE CITY BOARD OF EDUCATION, a public body corporate of Statesville, North Carolina, and A. D. Kornegay, Superintendent of Statesville City Public Schools, Appellees.

Herbert ZIGLAR, Jr., Minor, by Herbert Ziglar, Sr., his father and next friend, Earl Ray Pass, Minor, by George Pass, his father and next friend, Omat Bosal Thomas, Minor, by Evelyn Rudd, his guardian and next friend, Lillian Bell, Minor, by Charles Bell, her father and next friend, Appellants,

v.

REIDSVILLE BOARD OF EDUCATION, Reidsville, North Carolina, a public body corporate, Appellee.

Clarence THOMPSON et al., Appellants,

v.

DURHAM COUNTY BOARD OF EDUCATION, a body politic of Durham County, North Carolina, and Charles H. Chewning, Superintendent of the Durham County Schools, Appellees.

Brenda Lee TRAYNHAM et al., Appellees,

v.

COUNTY SCHOOL BOARD OF HALIFAX COUNTY and the Committee For Control and J. L. Link, Paul C. Beatty, Edwin Conner, Armistead Traynham, George P. Smith, Logan Young, T. K. McDowell, Thomas E. Bradley, Frank M. Slayton, and Udy C. Wood, Division Superintendent of Schools, Appellants.

Thomas TUCKER, Jr., et al., Appellees,

v.

COUNTY SCHOOL BOARD OF AMHERST COUNTY, VIRGINIA, et al., Appellants.

Nos. 13229, 13582, 13583, 13626, 13803.

United States Court of Appeals Fourth Circuit.

Argued Dec. 1, 1969.

Decided Dec. 2, 1969.

J. LeVonne Chambers and Adam Stein, Charlotte, N. C. (Conrad O. Pearson,

Durham, N. C., Jack Greenberg, James M. Nabrit, III, Robert Belton and Norman Chachkin, New York City, on the briefs) for appellants Harriett D. Nesbitt and others.

Don P. Bagwell, Halifax, Va., and Frederick T. Gray, Richmond, Va., for appellants County School Board of Halifax County.

J. B. Wyckoff, Amherst, Va., for appellants County School Board of Amherst County, Va., and others.

Robert A. Collier, Sr., Statesville, N. C. (Collier, Harris & Homesley, Statesville, N. C., on the brief) for appellees Statesville City Board of Education and others.

William F. McLeod, Reidsville, N. C. (McLeod and Campbell, Reidsville, N. C., on the brief) for appellee Reidsville Board of Education.

Jerry L. Jarvis, Durham, N. C. (Watkins & Jarvis, Durham, N. C., on the brief) and James L. Newsom, Durham, N. C. (Newsom, Graham, Strayhorn & Hedrick, Durham, N. C., on the brief) for appellee Durham County Board of Education.

S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, Hill, Tucker & Marsh, Richmond, Va., Ruth L. Harvey, J. L. Williams, Danville, Va., Jack Greenberg, James M. Nabrit, III, Norman Chachkin, New York City, on the brief) for appellees Brenda Lee Traynham and another.

David L. Norman, Deputy Asst. Atty. Gen. (Jerris Leonard, Asst. Atty. Gen., and Brian K. Landsberg, David D. Gregory, and Charles K. Howard, Attys., Dept. of Justice, on the brief) as amicus curiae for the United States.

Before HAYNSWORTH, Chief Judge, SOBELOFF, BRYAN, WINTER, CRAVEN, and BUTZNER, Circuit Judges, sitting en banc.

PER CURIAM:

■ We consolidate these appeals for hearing and disposition in light of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 41 (October 29, 1969). That recent de-

cision of the Supreme Court teaches "[u]nder explicit holdings of this Court the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools." The clear mandate of the Court is immediacy. Further delays will not be tolerated in this circuit. No school district may continue to operate a dual system based on race. Each must function as a unitary system within which no person is to be excluded from any school on the basis of race.

 We think that the urgency of the mandate of *Alexander* can be accomplished in the following manner and by the following time schedule, which we direct for these cases. Accordingly,

It is hereby ADJUDGED, ORDERED, and DECREED:

1. Each of the school districts shall submit to the district court a plan for unitary schools on or before December 8, 1969;

A. The plan for *Statesville* must provide for the elimination of the racial characteristics of Morningside School by pairing, zoning, or consolidation with Mulberry School;

B. In *Reidsville*, the district judge should select, with modifications if any, the pairing plan, on which the parties agreed in August 1968, the school board's zoning plan, or any other method that may be expected most effectively to provide for a unitary school system;

C. For *Durham*, the district judge may accept the Larson plan with modifications and refinements that will achieve a unitary system, or any other method that may be expected to work;

D. In *Halifax*, the plan must provide for the elimination of racial characteristics in the secondary schools either by pairing, zoning, or by any other method that may be expected to work;

E. In *Amherst*, the plan must eliminate the racial characteristics of the elementary schools either by pairing, zoning, or by any other method that may be expected to work, including assignment

of Negro children to schools attended by neighboring white children;

F. All plans must include provisions for the integration of the faculty so that the ratio of Negro and white faculty members of each school shall be approximately the same as the ratio throughout the system. In determining the ratio, exceptions may be made for specialized faculty positions;

2. The plaintiffs and the Department of Health, Education, and Welfare may file responses to the plans on or before December 12, 1969;

3. Each district judge shall conduct a hearing on December 15, 1969 to enable him to determine the effectiveness of a proposed plan or its modification;

4. On or before December 19, 1969, each district judge shall enter an order approving a plan selected by him to achieve immediately a unitary school system;

5. The orders of the district judges shall be effective with respect to the school districts in North Carolina, which do not operate on a semester basis, at the end of the Christmas vacation, and in any event no later than December 31, 1969;

6. The orders of the district judges shall be effective with respect to the school districts in Virginia, which operate on a semester basis, at the end of the semester break, and in any event no later than January 31, 1970;

7. On December 19, 1969, there shall be transmitted to the Clerk's office of this court ten copies of the following papers in each case:

(a) The school board's plan;

(b) The responses to this plan;

(c) The district judge's order with a copy of the plan approved by him;

8. On or before December 22, 1969, any party may file (with ten copies) objections to the order of a district court. The district court's order, however, shall remain in full force and effect unless it is modified by an order of this court,

which may be entered without further submission;

9. After a plan has been approved, the district court may hear additional objections or proposed amendments; provided, however, that the parties shall comply with the approved plan in all respects while the district court considers the suggested modifications. No amendment shall be effective before it has been approved by this court;

10. In *Halifax* and *Amherst*, the appellees shall recover their costs and reasonable counsel fees, including reasonable out-of-pocket expenses, to be determined by the district judge. In *Statesville, Reidsville*, and *Durham*, the appellants shall recover their costs.

The judgments are vacated and the cases are remanded for further proceedings consistent with this order.

Let the mandate issue forthwith.