CARTER ET AL. *v.* WEST FELICIANA PARISH
SCHOOL BOARD ET AL.

No. 944.   Decided January 14, 1970*

*Richard B. Sobol, Murphy W. Bell, Robert F. Collins,
Norman C. Amaker,* and *Melvyn Zarr* for petitioners in
No. 944. *Jack Greenberg, James M. Nabrit III,
Mr. Amaker, Mr. Zarr, Oscar W. Adams, Jr., John H.
Ruffin, Jr.,* and *Earl M. Johnson* for petitioners in
No. 972.

*John F. Ward, Jr.,* for respondents in No. 944. *Robert C. Cannada* and *Thomas H. Watkins* for Jackson
Municipal Separate School District et al., *Hardy Lott*
for Marshall County Board of Education, *Reid B. Barnes*
for Jefferson County Board of Education, *Edwin L.
Brobston* for Board of Education of the City of Bessemer
et al., *Palmer Pillans* and *George F. Wood* for Board of
School Commissioners of Mobile County et al., *Frank C.
Jones* and *Wallace Miller, Jr.,* for Bibb County Board
of Education et al., *H. A. Aultman* for Houston County
Board of Education, *W. Fred Turner* for Board of Public
Instruction of Bay County, and *Sam T. Dell, Jr.,* for
Board of Public Instruction of Alachua County et al.,
respondents in No. 972.

Briefs of *amici curiae* in Nos. 944 and 972 were filed
by *Solicitor General Griswold* for the United States, and

---

*Together with No. 972, *Singleton et al.* v. *Jackson Municipal
Separate School District et al.*, also on petition for writ of certiorari
to the same court.

by *Mr. Ward* for the Louisiana Teachers Association. *Rivers Buford, Jr.,* and *Gerald Mager* filed a brief for the State Board of Education of Florida as *amicus curiae* in No. 972.

PER CURIAM.

Insofar as the Court of Appeals authorized deferral of student desegregation beyond February 1, 1970, that court misconstrued our holding in *Alexander* v. *Holmes County Board of Education, ante,* p. 19. Accordingly, the petitions for writs of certiorari are granted, the judgments of the Court of Appeals are reversed, and the cases remanded to that court for further proceedings consistent with this opinion. The judgments in these cases are to issue forthwith.

MR. JUSTICE HARLAN, with whom MR. JUSTICE WHITE joins, concurring.

I join the Court's order. I agree that the action of the Court of Appeals in these cases does not fulfill the requirements of our recent decision in *Alexander* v. *Holmes County Board of Education, ante,* p. 19, and accordingly that the judgments below cannot stand. However, in fairness to the Court of Appeals and to the parties, and with a view to giving further guidance to litigants in future cases of this kind, I consider that something more is due to be said respecting the intended effect of the *Alexander* decision. Since the Court has not seen fit to do so, I am constrained to set forth at least my own understanding of the procedure to be followed in these cases. Because of the shortness of the time available, I must necessarily do this in a summary way.

The intent of *Alexander,* as I see it, was that the burden in actions of this type should be shifted from plaintiffs, seeking redress for a denial of constitutional

rights, to defendant school boards. What this means is that upon a prima facie showing of noncompliance with this Court's holding in *Green* v. *County School Board of New Kent County,* 391 U. S. 430 (1968), sufficient to demonstrate a likelihood of success at trial, plaintiffs may apply for immediate relief that will at once extirpate any lingering vestiges of a constitutionally prohibited dual school system. Cf. *Magnum Import Co.* v. *Coty,* 262 U. S. 159 (1923).

Such relief, I believe it was intended, should consist of an order providing measures for achieving disestablishment of segregated school systems, and should, if appropriate, include provisions for pupil and teacher reassignments, rezoning, or any other steps necessary to accomplish the desegregation of the public school system as required by *Green.* Graduated implementation of the relief is no longer constitutionally permissible. Such relief shall become effective immediately after the courts, acting with dispatch, have formulated and approved an order that will achieve complete disestablishment of all aspects of a segregated public school system.

It was contemplated, I think, that in determining the character of such relief the courts may consider submissions of the parties or any recommendations of the Department of Health, Education, and Welfare that may exist or may request proposals from the Department of Health, Education, and Welfare. If Department recommendations are already available the school districts are to bear the burden of demonstrating beyond question, after a hearing, the unworkability of the proposals, and if such proposals are found unworkable, the courts shall devise measures to provide the required relief. It would suffice that such measures will tend to accomplish the goals set forth in *Green,* and, if they are less than educationally perfect, proposals for amendments may thereafter be made. Such proposals for amendments are in

no way to suspend the relief granted in accordance with the requirements of *Alexander*.

*Alexander* makes clear that any order so approved should thereafter be implemented in the minimum time necessary for accomplishing whatever physical steps are required to permit transfers of students and personnel or other changes that may be necessary to effectuate the required relief. Were the recent orders of the Court of Appeals for the Fifth Circuit in *United States* v. *Hinds County School Board,* 423 F. 2d 1264 (November 7, 1969), and that of the Fourth Circuit in *Nesbit* v. *Statesville City Board of Education,* 418 F. 2d 1040 (December 2, 1969), each implementing in those cases our decision in *Alexander,* to be taken as a yardstick, this would lead to the conclusion that in no event should the time from the finding of noncompliance with the requirements of the *Green* case to the time of the actual operative effect of the relief, including the time for judicial approval and review, exceed a period of approximately eight weeks. This, I think, is indeed the "maximum" timetable established by the Court today for cases of this kind.

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, MR. JUSTICE BRENNAN, and MR. JUSTICE MARSHALL express their disagreement with the opinion of MR. JUSTICE HARLAN, joined by MR. JUSTICE WHITE. They believe that those views retreat from our holding in *Alexander* v. *Holmes County Board of Education, ante,* at 20, that "the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools."

Memorandum of THE CHIEF JUSTICE and MR. JUSTICE STEWART.

We would not peremptorily reverse the judgments of the Court of Appeals for the Fifth Circuit. That court, sitting en banc and acting unanimously after our deci-

sion in *Alexander* v. *Holmes County Board of Education, ante,* p. 19, has required the respondents to effect desegregation in their public schools by February 1, 1970, save for the student bodies, which are to be wholly desegregated during the current year, no later than September. In light of the measures the Court of Appeals has directed the respondent school districts to undertake, with total desegregation required for the upcoming school year, we are not prepared summarily to set aside its judgments. That court is far more familiar than we with the various situations of these several school districts, some large, some small, some rural, and some metropolitan, and has exhibited responsibility and fidelity to the objectives of our holdings in school desegregation cases. To say peremptorily that the Court of Appeals erred in its application of the *Alexander* doctrine to these cases, and to direct summary reversal without argument and without opportunity for exploration of the varying problems of individual school districts, seems unsound to us.