**Linda WILLIAMS et al., Appellants,**

**v.**

**George KIMBROUGH et al., Appellees.**

**No. 28766.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1969.

Supplemental Order Jan. 27, 1970.

1352

William Bennett Turner, Jack Greenberg, Norman J. Chachkin, Norman C. Amaker, New York City, Murphy Bell, Baton Rouge, La., Jesse H. Queen, U. S. Dept. of Justice, Jerris Leonard, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for appellants.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., J. Bennett Johnston, Jr., Shreveport, La., Louis H. Padgett, Jr., Dist. Atty., Thompson L. Clarke, Dist. Atty., St. Joseph, La., Ronald C. Martin, Dist. Atty., Natchitoches, La., for appellees.

Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.

PER CURIAM:

This school desegregation case was first instituted on August 20, 1965. On April 7, 1967, the District Court entered a decree patterned after this Court's mandate in United States v. Jefferson County Board of Education, 5 Cir., 372 F.2d 836, aff'd with modifications on rehearing en banc, 380 F.2d 385, cert. denied sub nom. Caddo Parish School Board v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967). Following the decision of the Supreme Court in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), this Court reversed and remanded the present case in Hall v. St. Helena Parish School Board, 417 F.2d 801, 5 Cir. (May 28, 1969) for the purpose of adopting a unitary school plan. On remand the District Court required the School Board to institute a new plan. The substituted plan, approved by the District Court on August 1, 1969, called for a three step zoning procedure ending in the school year 1971–1972. This matter now comes before the Court on motion of appellants to vacate and remand for immediate relief filed November 24, 1969.

As pointed out in Singleton, et al. v. Jackson Municipal Separate School System, et al. (and consolidated cases en banc), 419 F.2d 1211, 5 Cir. (December 1, 1969).

"The tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation. The new modus operandi is to require immediate operation as unitary systems. Suggested modifications to unitary plans are not to delay implementation. Hearings on requested changes in unitary operating plans may be in order but no delay in conversion may ensue because of the need for modification or hearing."

See Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct.

29, 24 L.Ed.2d 19, and United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852. These cases mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color."

We grant appellants' motion and remand with directions to the District Court to comply with the requirements of Alexander v. Holmes County, and all terms, provisions and conditions (including the times specified) in *Singleton, supra,* Parts I and III.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Motion granted with directions.

### SUPPLEMENTAL ORDER

PER CURIAM:

On motion of appellants, this court's mandate issued December 10, 1969 is recalled and amended as follows:

The judgment of the Supreme Court in Carter v. West Feliciana Parish et al., 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 [January 14, 1970], reversing the judgment of this court rendered sub nom, Singleton v. Jackson Municipal Separate School District, et al., 419 F.2d 1211 (5th Cir. 1969) [December 1, 1969], insofar as it authorized the deferral of student desegregation beyond February 1, 1970, is made the judgment of this court. All other provisions of the order of this court in Singleton shall remain in full force and effect. The mandate of this court shall issue forthwith.[1]

Mandate amended and remanded forthwith.

1. Under the stringent requirements of Carter v. West Feliciana Parish et al., supra, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately" to operate as unitary school systems". Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.