**Virgie Lee VALLEY et al., Appellants,**

v.

**RAPIDES PARISH SCHOOL BOARD et al., Appellees.**

No. 29237.

United States Court of Appeals,
Fifth Circuit.

March 6, 1970.

William Bennett Turner, Jack Greenberg, New York City, Louis Berry, Alexandria, La., A. P. Tureaud, New Orleans, La., for appellants.

Edwin O. Ware, Dist. Atty., Alexandria, La., for appellees.

Other interested parties: Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

BY THE COURT.

The mandate of this Court issued on the 2nd day of March, 1970, in the within matter is recalled. The opinion of this Court dated March 2, 1970, is withdrawn. The attached opinion is issued in lieu thereof.

Let the mandate issue forthwith.

PER CURIAM.

Appellants have moved this Court for an order summarily reversing the order of the District Court entered on January 30, 1970.

This case was included with the cases decided *sub nom.* Hall v. St. Helena Parish School Board, 417 F.2d 801 (5 Cir., 1969). On remand to the District Court the School Board submitted a new plan which was approved by the District Court on July 24, 1969. Appellants again appealed to this Court, which found that the plan "did not establish a racially unitary school system". Valley v. Rapides Parish School Board, 422 F.2d 814 (5 Cir., 1970). This Court remanded the case for compliance with the decision in Singleton v. Jackson Municipal Separate School District, 5 Cir., 419 F.2d 1211, and the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477.

Thereafter, the District Court entered an order requiring the School Board to comply with this Court's decision of January 7, 1970. The Court also requested the Department of Justice to file modifications to the HEW plan filed July 5, 1969. By letter to the District Court dated January 15, 1970, Assistant Attorney General Jerris Leonard set forth modifications to the earlier HEW plan.

Accordingly, there are in the record two government plans for achieving a unitary system in Rapides Parish.

On or about January 15, 1970, the School Board filed a new desegregation plan. On January 16, 1970, the School Board's plan was approved by the District Court. Appellants appealed to this Court from the District Court's order approving the Board's plan of January 15, 1970, and on January 29, 1970, the School Board adopted a different desegregation plan and the District Court approved said plan on January 30, 1970.

This Court's decision of January 7, 1970, summarily reversing the District Court and holding that the School Board's previous plan "does not establish a racially unitary school system" was based on a record showing that the plan left twelve schools attended exclusively by black students. The record also disclosed that the standards used by the Board in drawing geographic zone lines did not include promoting desegregation as required by this Court.[1]

The School Board's plan of January 29, 1970, makes no significant change in pupil assignments. The School Board's new plan, similar to the previous plan invalidated by this Court, leaves twelve schools attended exclusively by black students. In Wards 1 and 8, the same zones are used as were used under the plan previously invalidated by this Court. In the remaining wards, the method of student assignments has not been changed.[2] The end result is twelve all-black schools which have been previously invalidated by this Court in its order of January 7, 1970.

In light of the obvious deficiencies in the plan approved by the District Court on January 30, 1970, and the fact that there are in the record two plans prepared by the United States for achieving a unitary system in Rapides Parish, the case is hereby reversed and remanded with instructions to the District Court to implement *pendente lite* the original HEW plan or the HEW plan as modified by the Department of Justice letter to the District Court dated January 15, 1970, or a plan[3] devised by the District Court to accomplish a unitary system within the teachings of Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968).

Nothing in this order is to relieve Rapides Parish School Board from its obligation to put Singleton teacher ratio into effect immediately.

1. United States v. Indianola Municipal Separate School District, 410 F.2d 626 (5 Cir. 1969); Davis v. Board of School Commissioners of Mobile County, 393 F.2d 690, 694 (5 Cir. 1968); 414 F.2d 69 (5 Cir. 1969); Henry v. Clarksdale Municipal Separate School District, 409 F.2d 682 (5 Cir. 1969); United States v. Greenwood Municipal Separate School District, 406 F.2d 1086 (5 Cir. 1969); United States v. Choctaw County Board of Education, 417 F.2d 838, 5 Cir. (1969); Board of Public Instruction of Duval County v. Braxton, 402 F.2d 900 (5 Cir. 1968).

2. In Ward 7 there are only two schools. As the HEW official testified (Tr. July 23, 1969, p. 41), the only effective way to desegregate these schools is to pair them. Given this plain alternative, the Board's retention of the all-black school is constitutionally impermissible. Cf. Adams v. Mathews, 403 F.2d 181, 188 (5 Cir. 1968); Green v. County School Board of New Kent County, Virginia, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed. 2d 716 (1968). The situation in Ward 3 is basically the same. Under the earlier plan condemned by this Court there were two all-black schools. The "new" plan closes one of the schools but leaves the other. Again the obvious and educationally sound solution is pairing of the Ward 3 schools, as recommended by HEW.

3. This Court is now advised that the District Court approved on February 24, 1970, a School Board plan differing from either the January 16, 1970 plan or the January 30, 1970 plan, the plan from which the plaintiffs sought summary reversal. As the present operating plan is not in the record before this Court, the mandate issued is recalled to permit the District Court to devise, change or implement such plan, if necessary, to meet constitutional standards and to enable any dissatisfied litigant to appeal therefrom.

**1134**

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Remanded with instructions.