Lawrence **HALL** et al., Plaintiffs,

**United States of America, Plaintiff-Intervenor-Appellant,**

v.

**ST. HELENA PARISH SCHOOL BOARD et al., Defendants-Appellees.**

No. 29261.

United States Court of Appeals, Fifth Circuit.

March 6, 1970.

Order March 17, 1970.

Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., Patrick C. Hardie, New Orleans, La., for plaintiff-intervenor-appellant.

Leonard Yokum, Dist. Atty., 31st Judicial Dist., Amite, La., John F. Ward, Jr., Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for defendant-appellee St. Helena Parish School Board.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Jack Greenberg, William Bennett Turner, Norman J. Chachkin, New York City, for plaintiff Hall.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

This school desegregation case was before this Court about a year ago. Hall v. St. Helena Parish School Board, 5 Cir. May 28, 1969, 417 F.2d 801. It is unfortunate that at this time we cannot say to the school board, "You have met the standards implicit in the Constitution and explicit in our judicial mandates; go about your business of educating children." United States v. Choctaw County Board of Education, 5 Cir. 1969, 417 F.2d 838, 839. Instead, we must remand the case for further pro-

ceedings and hope that in the near future we will be able to make that statement.

In accordance with our May 28 mandate, the district court, on June 9, entered an order directing the school board to develop, in conjunction with the Office of Education, United States Department of Health, Education and Welfare, a plan that would insure the operation of the parish school system on a unitary, nondiscriminatory basis. The plan was to be submitted within thirty days. Hall v. St. Helena Parish School Board, E.D.La.1969, 303 F.Supp. 1231. When the thirty day period had elapsed, the district court had in its possession two independent plans: one submitted by the school board and the other submitted by HEW. The plan submitted by the school board

> reveal[ed] that the * * * [board had] adamantly adhered to [its] determination to continue freedom of choice as [its] plan of operation, and [did not display any] evidence of any change in plan to conform * * * to the mandate [of this Court], which mandate requires that the *freedom of choice plan presently used in* [*this*] *school district be abandoned and a new plan substituted* * * * which will meet the standards of Green v. County School Board of New Kent County [391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed. 2d 716] and Raney v. Board of Education [391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727]. * * *

Hall v. St. Helena Parish School Board, E.D.La. July 11, 1969, 303 F.Supp. 1236, 1237–38 (emphasis added).

A study of the plan submitted by HEW revealed a "complete [and] total departure from every vestige of freedom of choice. * * *" 303 F.Supp. at 1238. The HEW plan was based on zoning and the pairing of schools, as suggested by the Supreme Court in Green v. New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716.

The district court rejected the plan submitted by the school board. It did not, however, accept the plan submitted by HEW. Instead, the court granted the school board an additional ten days in which to submit a new plan which would insure the operation of the school system on a unitary, nondiscriminatory basis and meet the standards of this Court's mandate of May 28. 303 F.Supp. at 1239.

July 22, the school board submitted a new plan. This plan required the closing of the two smallest all-Negro elementary schools in 1969 and the assignment of the students in those schools to traditionally white schools.[1] The plan provided for student assignment on a geographical basis. This provision, however, affected relatively few students. The majority of the students were assigned to schools on the basis of freedom of choice. Statistics offered by the school board indicated that only a small number of Negroes and no whites would be assigned across racial lines. These figures were based on the choice preferences for the 1968–1969 school year.

The district court accepted the plan submitted by the school board.

We find that the school board's plan freezes the large majority of students into those schools attended under a previous freedom of choice plan. That plan was held to be unacceptable by this Court. Hall v. St. Helena Parish School Board, 5 Cir. 1969, 417 F.2d 801. The effect of this plan is to reduce rather than to increase desegregation in the St. Helena Parish schools.

The district court's approval of the school board's plan cannot stand in the face of supervening changes in the law. Thorpe v. Housing Authority of the City of Durham, 1969, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474; Bell v. Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822. The record demonstrates that this plan does not comply

---

1. A third all-Negro elementary school was to be closed on January 5, 1970. These students were to be assigned to another all-Negro elementary school.

with Green v. New Kent County; Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County Board of Education, 5 Cir. 1969, 417 F.2d 852 [Nos. 28,030, 28,042, November 7, 1969], and Singleton v. Jackson Municipal Separate School District, 5 Cir. 1969, 419 F.2d 1211 [No. 26,285, December 1, 1969], modified as to date sub nom. Carter v. West Feliciana Parish, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, on remand, Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 [No. 26,285, January 21, 1970]. We must reverse and remand for compliance with these decisions.[2]

It is therefore ordered

1. The United States' motion for summary reversal is granted and the district court's order of July 25, 1969, as amended, August 18, 1969, is hereby vacated.

2. The district court is directed to enter immediately its order approving the plan proposed by HEW and directing the Board to put that plan into effect by or before March 23, 1970. Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477; Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 [No. 26,285, January 21] en banc mandate in consolidated cases, January 21, 1970.

3. The district court is directed to schedule expedited hearings for such modifications to the plan as may be necessary to correct unworkable elements in the plan and to allow the parties an opportunity to suggest improvements in the plan in the light of the actual workings of the plan to the end that student bodies will be more effectively desegregated than they were under the freedom of choice method. The hearings shall in no way delay the full implementation of the HEW plan by March 23, 1970.

4. The mandate herein shall issue immediately and no stay will be granted for filing Petition for Rehearing or Petition for Writ of Certiorari.

COLEMAN, Circuit Judge (dissenting).

Again, as I have had to do in so many cases, I dissent.

I would concur if it were not for the wholly unreasonable requirement that these schools be torn up in the middle of a semester. Everyone seems to overlook the fact that this works as great a hardship and is educationally as damaging to the black children as it is to the white. It is educationally a folly and in general the results have been glaring failures. I respectfully dissent.

PER CURIAM.

■ The Court has considered the motion of counsel for St. Helena Parish School Board, et al., for an expedited reconsideration of the order of this Court dated March 6, 1970. The movant has drawn the attention of the Court to certain facts relating to the educational system of St. Helena Parish which were not in the record or before the Court at the time the March 6, 1970, order was

---

2. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852 [Nos. 28,030, 28,042, November 7, 1969], and of Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 [No. 26,285 January 21], this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adopted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

issued. The Court notes that the final examinations commence on March 23, 1970, and continue throughout the week; that seniors thereafter have three weeks to practice for graduation and as far as they are concerned the school will have concluded March 29, 1970; that the school year for the remaining students concludes about the end of April and re-opens in July 1970 for the Fall term.

In view of these unusual facts the Court has concluded to reconsider its order requiring that complete desegregation be put into effect March 23, 1970. It is therefore ordered that the full implementation of HEW's plan as set forth in this Court's order of March 6, 1970, be postponed until the commencement of the Fall term in July 1970 in St. Helena Parish. The School Board should take appropriate action prior to the opening of schools in July 1970 to carry out the other provisions of this Court's order of March 6, 1970.

This order shall issue forthwith.