**Theodore Whitmore STANLEY et al., Appellants,**

**v.**

**DARLINGTON COUNTY SCHOOL DISTRICT et al., Appellees.**

**Elaine WHITTENBERG et al., Appellants,**

**v.**

**SCHOOL DISTRICT OF GREENVILLE COUNTY, etc., et al., Appellees.**

Nos. 13904, 13905.

United States Court of Appeals, Fourth Circuit.

Jan. 19, 1970.

Rehearing Denied in No. 13905 Jan. 26, 1970.

Rehearing Denied in No. 13904 Jan. 29, 1970.

Certiorari Denied in No. 13905 April 27, 1970. See 90 S.Ct. 1499.

Certiorari Denied in No. 13904 May 18, 1970. See 90 S.Ct. 1690.

Donald James Sampson, Greenville, S. C., Michael Davidson, Norman J. Chachkin, Jack Greenberg, New York City, Lincoln C. Jenkins, Jr., Matthew J. Perry, Columbia, S. C., Mordecia C. Johnson, Florence, S. C., Ernest A. Finney, Jr., Sumter, S. C., for appellants.

Benny R. Greer, Darlington, S. C., for appellees in 13904.

E. P. Riley, James C. Parham, Jr., Greenville, S. C., for appellees in 13905.

## ORDER

HAYNSWORTH, Chief Judge.

We consolidated these appeals for hearing and disposition in light of Alexander v. Holmes County Bd. of Educ., 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (Oct. 29, 1969), and Nesbit v. Statesville City Bd. of Educ., 418 F.2d 1040 (4th Cir., Dec. 2, 1969).

In *Alexander* the Supreme Court held that "the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools." In Carter v. West Feliciana Parish School Bd., 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (Jan. 14, 1970), the Supreme Court re-emphasized the immediacy of its holding in *Alexander*. It vacated an order of the United States Court of Appeals for the Fifth Circuit, sitting en banc, permitting pupil integration to be deferred until the opening of the new school year in September 1970. The Court of Appeals for the Fifth Circuit was held to have misconstrued the Supreme Court's decision in *Alexander*, and complete student integration was held to be required in those cases by February 1, 1970.

These decisions leave us with no discretion to consider delays in pupil integration until September 1970. Whatever the state of progress in a particular school district and whatever the disruption which will be occasioned by the immediate reassignment of teachers and pupils in mid-year, there remains no judicial discretion to postpone immediate implementation of the constitutional principles as announced in Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed. 2d 716; Alexander v. Holmes County Bd. of Educ., 396 U.S. 79, 90 S.Ct. 29, 24 L.Ed.2d 19 (Oct. 29, 1969); Carter v. West Feliciana Parish School Bd., 396 U.S. 290, 90 S.Ct. 608 (Jan. 14, 1970.

Accordingly, it is adjudged, ordered and decreed:

1. Each of the school districts shall submit to the District Court a plan for unitary schools on or before January 23, 1970;

A. The plan for *Darlington* may be based upon proposal B submitted by the Department of Health, Education and Welfare, or upon any other plan that will create a unitary school system;

B. The plan for *Greenville* may be based upon the revised plan submitted by the school board or upon any other plan that will create a unitary school system;

C. All plans must include provisions for the integration of the faculty so that the ratio of Negro and white faculty members of each school shall be approximately the same as the ratio throughout the system. In determining the ratio, exceptions may be made for specialized faculty positions;

2. The plaintiffs and the Department of Health, Education, and Welfare may file responses to the plans on or before January 28, 1970;

3. The District Judge will conduct a hearing in each of these cases on February 2, 1970 to enable him to determine

the effectiveness of the proposed plans and to consider any objections which may have been filed;

4. On or before February 5, 1970, the District Judge shall enter an order in each of these cases approving a plan selected by him to attain a unitary school system and requiring its implementation on February 9, 1970, with leave, however, to postpone the effective date of the implementation of all or any part of a particular plan until February 16, 1970, if for good cause shown the District Judge finds that, to the extent that such postponement of implementation of the plan is allowed, it could not be achieved earlier;

5. The District Court's order shall not be stayed pending any appeal which may be taken to this court, but, in the event of an appeal, modification of the order may be sought in this court by a motion accompanied by a request for immediate consideration.

The judgments are vacated and the cases remanded for further proceedings consistent with this order.

Let the mandate issue forthwith.

## ON PETITION FOR REHEARING IN NO. 13905

PER CURIAM.

In a petition for rehearing the School District of Greenville County insists that this court must have some discretion to consider the consequences of an immediate reassignment of the pupils in the system and to permit their reassignment to be postponed until September 1970, in light of the special conditions of this case.

It is alleged in the petition that approximately thirty-three per cent of the Negroes in the schools are now in integrated situations, and that all of the other Negroes are attending all-Negro schools as a matter of their choice. There is no suggestion in the record that exercise of the freedom-of-choice extended Negro pupils and their parents has been impaired by fears of economic or other retaliation, or by community hostility. It is true, also, that a general reassignment of 58,000 pupils and their teachers at this time of year will occasion great disruption, and that much educational advantage may be lost through the process of readjustment. The court, however, was not unmindful of these things at the time of entry of its order.

At the time of the hearing in this case, a majority of the court was of the opinion that Alexander v. Holmes County Bd. of Educ., 396 U.S. 19, 90 S.Ct. 29, did not foreclose this court from postponing the reassignment of children and teachers to September 1970. The majority read Alexander in light of the cases then before the Supreme Court and of the fact that those school districts had the advantage of the Christmas vacation period within which to make the necessary plans and arrangements for the general reorganization of the schools required by the Supreme Court, a very important circumstance which is wanting here. The majority was prepared to file an order authorizing the reorganization to be accomplished by September 1970 and completion of the current school year under the present plan, when the Supreme Court spoke again.

The majority's reading of Alexander was foreclosed by the Supreme Court's opinions in Carter v. West Feliciana Parish School Bd., 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (January 14, 1970). In that case the Supreme Court had before it many school districts, which had not been before it in Alexander, and it ordered a general reorganization of all of those districts by February 1, 1970. It is true that those school districts had been ordered in December to plan for that contingency, but the final order was not entered until January 14, 1970, and physical rearrangements and readjustments could not have commenced earlier.

More importantly the Supreme Court said emphatically it meant precisely what it said in Alexander that general reorganization of school systems is requisite now, that the requirement is not restricted to the school districts before the Supreme Court in Alexander, and

that Courts of Appeals are not to authorize the postponement of general reorganization until September 1970. Specifically, the Court of Appeals for the Fifth Circuit was reversed for doing just that.

The requirement is emphasized by the separate opinion of Mr. Justice Harlan, in which Mr. Justice White concurred, in which it was suggested that every school district should have a maximum of eight weeks within which to effectuate a change to a unitary school system after the necessity for such a change was judicially determined. Their suggestion of an eight-week period was specifically rejected by four of the Justices, and no one of those six intimated the possibility of any allowable exception to the Court's declaration that the lower courts could not authorize the postponement of reassignments until September 1970.* The Chief Justice and Mr. Justice Stewart in their memorandum expressed the view the lower courts should have the discretion we are now urged to assume, but their view clearly did not carry the day in *Carter.*

■ The proper functioning of our judicial system requires that subordinate courts and public officials faithfully execute the orders and directions of the Supreme Court. Any other course would be fraught with consequences, both disastrous and of great magnitude. If there are appropriate exceptions, if the District Courts and the Courts of Appeals are to have some discretion to permit school systems to finish the current 1969–1970 school year under current methods of operation, the Supreme Court may declare them, but no member of this court can read the opinions in *Carter* as leaving any room for the exercise by this court in this case of any discretion in considering a request for postponement of the reassignment of

children and teachers until the opening of the next school year.

For these reasons the petition for rehearing and for a stay of our order must be denied.

Petition denied.

## ON PETITION FOR REHEARING IN NO. 13904

### PER CURIAM.

A petition for rehearing has been filed incorporating by reference the grounds for rehearing advanced by the School District of Greenville County in its petition for rehearing, filed January 23, 1970.

On January 26, 1970, we denied the petition for rehearing in the School District of Greenville County case. For the reasons stated in our per curiam opinion on petition for rehearing in that case, the petition for rehearing in this case is denied.

Petition denied.

---

* We need not now consider what discretion this court might have in a case which reached it only a few weeks before the end of the current school year. This case was in the bosom of the court when the

opinions in *Carter* were announced. There has been no lapse of time which conceivably could warrant our departure from what we take to be *Carter's* explicit direction to us.