Maxine **MAYS**, etc., et al., Plaintiffs-Appellees,

v.

The **BOARD OF PUBLIC INSTRUCTION OF SARASOTA COUNTY, FLORIDA,** et al., Defendants-Appellants.

No. 29384.

United States Court of Appeals, Fifth Circuit.

June 8, 1970.

---

1. The government on appellate argument announced that the criminal contempt charge has now been dismissed.

Richard W. Cooney, Sarasota, Fla., for defendants-appellants.

James B. Sanderlin, I. W. Williams, St. Petersburg, Fla., for plaintiffs-appellees.

Before BROWN, Chief Judge, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The case under consideration was first initiated in 1961. The appellant School Board appeals[1] from a Board-recommended plan approved by the District Court on January 29, 1970. Two errors are asserted to the order of the District Court.

The thrust of appellant School Board's first objection appears to be on the issue of the desegregation of Englewood and Osprey Schools, and this objection appears to be a matter of semantics in that the District Court should have "approved, not ordered" the Board plan into effect. We find no merit in this contention.

The School Board's second assertion of error is that the District Court erred in ordering the desegregation of faculties at certain Sarasota County Schools as expressed in our decision in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211, "the ratio of Negro to white teachers in each school, and the ratio of other staff in each, are substantially the same as each such ratio is to the teachers and other staff, respectively, in the entire system". The Board seeks exemption from the requirements of Singleton because its efforts to place Negro faculty in all-white faculties have met with opposition. Regardless of opposition and impediments, the Sarasota Board is under a continuing obligation to remedy the faculty situation. Until it does so, the system cannot be regarded under existing law as unitary. See United States v. Greenwood Municipal Separate School District, 5 Cir., 1969, 406 F.2d 1086.

The order of the District Court is affirmed.

The mandate herein shall issue immediately, and no stay will be granted for filing petition for rehearing or petition for writ of certiorari.

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S. Ct. 608, 24 L.Ed.2d 477, implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.