428 F.2d 373
 UNITED STATES of America, Appellant,
v.
SCHOOL BOARD OF FRANKLIN CITY, VIRGINIA, and W. B. Blanks, Division Superintendent of Schools of Franklin, Virginia, Appellees.
Alex L. COVINGTON et al., Appellants,
v.
UNITED STATES of America, Appellee.
UNITED STATES of America, Appellant,
v.
COUNTY SCHOOL BOARD OF SOUTH-AMPTON COUNTY et al., Appellees.
 Nos. 14276-14278.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1970.
 Decided June 11, 1970.
 
 1
 David D. Gregory, Atty., Civil Rights Division, Department of Justice (Brian P. Gettings, U. S. Atty. for Eastern District of Virginia, Jerris Leonard, Asst. Atty. Gen. of United States, David L. Norman, Deputy Asst. Atty. Gen., and Brian K. Landsberg, Chief, Education Section, Department of Justice, on the brief), for the United States of America, in Nos. 14,276, 14,277 and 14,278.
 
 
 2
 Henry T. Wickham, Richmond, Va. (Mays, Valentine, Davenport & Moore, Richmond, Va., and J. Edward Moyler, Jr., Franklin, Va., Moyler & Moyler, Franklin, Va., on the brief), for appellees, in Nos. 14,276 and 14,278.
 
 
 3
 William F. Davis, Suffolk, Va., for appellant in No. 14,277.
 
 
 4
 Before HAYNSWORTH, Chief Judge, SOBELOFF, BOREMAN, BRYAN, WINTER, CRAVEN, and BUTZNER, Circuit Judges, sitting en banc.
 
 ORDER
 
 5
 We consolidated these appeals for briefing and argument in light of Carter v. West Feliciana Parish School Bd., 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970); Alexander v. Holmes County Bd. of Ed., 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); Stanley v. Darlington County School District, 424 F.2d 195 (4th Cir.), cert. denied 398 U.S. 909, 90 S.Ct. 1690, 26 L.Ed.2d 67 (1970); and Nesbit v. Statesville City Bd. of Ed., 418 F.2d 1040 (4th Cir. 1969). The need for immediate consideration of new plans for the operation of the districts' schools in September 1970 prompts disposition of the appeals by this order. The members of the court reserve the right to express their individual views in subsequent opinions.
 
 
 6
 The City of Franklin, Virginia, operates four schools. A freedom of choice plan adopted in 1965 has not succeeded in eliminating a dual system composed of a separate high school and a separate elementary school for each race. The district court approved a new plan submitted by the board in 1969, which would assign some black pupils to the two white schools, but otherwise would retain freedom of choice. The board planned to pair its high schools in 1971.
 
 
 7
 Southampton County operates one white and one black elementary school in each of the county's seven magisterial districts. It also has one white and one black high school located about a mile apart. Freedom of choice, in effect since 1965, has not eliminated dual schools. In 1969, the board proposed and the court approved, a plan that would assign some black pupils to white elementary schools. The plan designates the black high school for vocational training and the white high school for college preparation. The testimony of the Superintendent of Schools indicated, however, that no white pupils could be expected to choose the black high school under this arrangement.
 
 
 8
 The district court based its approval in part on testimony that it is educationally beneficial to have a majority of white pupils in mixed schools. In Franklin and Southampton, this method of assignment will leave a number of black pupils in completely segregated black schools. Although a definite ratio of white to black pupils might be desirable under certain circumstances, adherence to the quota that is proposed in these cases cannot be allowed to perpetuate segregation.
 
 
 9
 In Covington v. United States, No. 14,277, intervenors in the Southampton case urge that the Ninth Amendment justifies the continuation of freedom of choice for the assignment of pupils. This argument, we believe, however, has been foreclosed by Green v. County School Bd. of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), which holds that the equal protection clause of the Fourteenth Amendment prohibits the continuation of freedom of choice plans that fail to eliminate racially dual school systems.
 
 
 10
 Accordingly, it is adjudged, ordered and decreed:
 
 
 11
 1. Each of the school boards shall submit to the district court a plan for unitary schools on or before July 17, 1970.
 
 
 12
 (a) The plans may be based upon the proposal for pairing suggested by the government, or on any other plans formulated after conferences with experts from the Department of Health, Education and Welfare that will provide for the desegregation of all schools for the school year commencing September 1970.
 
 
 13
 (b) The plans must include provisions for the integration of the faculty so that in each school the ratio of faculty members of each race shall be approximately the same as the ratio throughout the system. In determining the ratio, the boards may make exceptions for specialized faculty positions.
 
 
 14
 2. Responses to the plans may be filed on or before July 27, 1970.
 
 
 15
 3. The district judge should promptly conduct a hearing in each of these cases to enable him to determine the effectiveness of the proposed plans and to consider any objections.
 
 
 16
 4. The district judge shall then enter an order in each case approving a plan for a unitary school system and requiring its implementation in September 1970.
 
 
 17
 5. The district court's order shall not be stayed pending an appeal, but in the event of an appeal, modification of the order may be sought in this court by a motion accompanied by a request for immediate consideration.
 
 
 18
 6. The judgments are vacated, and the cases are remanded for further proceedings consistent with this order.