**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**TEXAS EDUCATION AGENCY et al.,
Defendants-Appellees.**

**No. 30368.**

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1970.

---

**1314**

Opinion D.C., 316 F.Supp. 1310, conformed to mandate.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., David D. Gregory, Joseph B. Scott, Civil Rights Div., U. S. Dept. of Justice, Jerris Leonard, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We are asked to grant pendente lite relief or in the alternative to enter summary reversal in this district-wide school desegregation case appealed here from the Northern District of Texas. The defendants are the Texas Education Agency and six named school districts: Ferris, Garland, Lubbock, Richardson, San Angelo, and Wichita Falls Independent School Districts.

This case is similar to cases filed in numerous districts of this Circuit by the United States Department of Justice in an effort to secure before the start of the 1970–71 school year uniform compliance with Alexander v. Holmes County Bd. of Ed., 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, Carter v. West Feliciana Parish, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, and Singleton v. Jackson, 5 Cir. 1970 (En Banc) 419 F.2d 1211, reversed (as to timing) sub nom. Carter v. West Feliciana. The government instituted the first case of this type United States v. Georgia, C.A. 19,772 in the Northern District of Georgia, December 15, 1969. Suits have recently been filed in district courts of the following districts of this Circuit: Northern and Southern Districts of Mississippi; Northern, Middle, and Southern Districts of Florida; and the Eastern, Western, and Southern Districts of Texas. Similar suits have also been filed in several districts in the Fourth and Eighth Circuits. The relief uniformly sought is similar to that sought here.

We are informed that the following defendant school districts will begin

classes for the 1970–71 school year on the following respective dates:

| | |
|---|---|
| Ferris ISD | August 20, 1970 |
| Garland ISD | August 27, 1970 |
| Lubbock ISD | August 26, 1970 |
| Richland ISD | August 25, 1970 |
| San Angelo ISD | August 24, 1970 |
| Wichita Falls ISD | August 31, 1970 |

The complaint alleged:

With the knowledge and consent of the Texas Education Agency, its agents and officers, each of the defendant school districts, as instrumentalities of the State of Texas, has traditionally operated and continues to operate a dual school system based on race. The defendant school districts traditionally have assigned students and faculty to schools in accordance with an official state policy requiring racial segregation in the public schools of Texas resulting in the assignment of white students and faculty and black students and faculty to separate schools. These districts presently assign students to these public schools on the basis of plans which have resulted in the continued operation of their schools as dual school systems based on race.

The complaint further alleged that the Lubbock and San Angelo districts "are discriminating against Mexican-American students by assigning Mexican-American students to schools on the basis of their ethnic origin" and that such schools "are attended almost exclusively by Mexican-American and Negro students." The complaint requested that the defendants be enjoined from discriminating on the basis of race and ethnic origin and prayed "that the defendant school districts be ordered forthwith to adopt and implement [desegregation] plans * * * prior to the commencement of the 1970–71 school year." A certificate of the Attorney General as required by 42 U.S.C. § 2000c–6 is attached to the complaint.

As to the Lubbock and Wichita Falls districts for which school desegregation plans had been prepared and recommended to the district by the United States Department of Health, Education and Welfare and the Texas Education Agency, the government applied August 8 to the Chief Judge of the District Court for the Northern District of Texas for an order to show cause why the plans should not be implemented immediately. The plans are attached to the application.

As to the other four districts the government on August 8 applied for an order directing the local school boards to collaborate with the Texas Education Agency in developing desegregation plans.

The district court on August 10, 1970, entered the order from which this appeal is taken. This order set for September 10 (after the opening of the school year) a "preliminary pretrial conference * * * at which conference questions concerning jurisdiction, venue, pleadings, parties, severance, and pending motions will be considered". The United States appealed from this order August 12, 1970.

First of all, we hold under Title 28 U.S.C. § 1292(a) that we have jurisdiction to consider the appeal from the order of August 10, 1970. The effect of the order was to deny the injunction, since desegregation plans would not be put into operation until some time after the opening of schools for the 1970–71 term. *See* U. S. v. Lynd, 5 Cir. 1962, 301 F.2d 818, 822. *Cf*. Dilworth v. Riner, 5 Cir. 1965, 343 F.2d 226.

Courts all over this Circuit have labored through this summer, and are still laboring, to bring into uniform reality the compulsions of *Alexander, Carter,* and *Singleton* for conversion of dual systems to unitary school systems. *Singleton* requires that in "these and all other school cases now being or which are to be considered in this or the district courts of this Circuit" that desegregation plans are to be implemented which "accomplish a unitary system of pupil attendance with the start of the fall 1970 school term".

■ Accordingly, we grant the appellant's motion for summary reversal and remand with the following directions to the court below.

(1) The Chief Judge of the Northern District of Texas shall enter the order to show cause applied for, returnable before himself or before another judge of the district on a short day with respect to the Lubbock and Wichita Falls school districts.

(2) The suit with respect to these school districts or any others may be severed from the main suit below.

(3) The Chief Judge shall set for hearing on a short day either before himself or another judge of the district the applications with respect to the Ferris, Garland, Richland, and San Angelo school districts.

(4) It may be appropriate in one or all instances to order a delay in the opening of schools for the 1970–71 term. We deem it less disruptive to postpone the opening of the school for a very brief interval than to effect total desegregation after the schools are in operation.

(5) These matters are to receive top priority in calendaring and dispositions.

The mandate shall issue forthwith.