**Sam TASBY et al., Plaintiffs-Appellants,**

v.

**Nolan ESTES et al., Defendants-Appellees.**

**No. 71–1121.**

United States Court of Appeals,
Fifth Circuit.

June 3, 1971.

Edward B. Cloutman, III, George Martinez, Cleophas Steele, Dallas, Tex., Mario Obledo, Mexican-American Legal Defense, San Antonio, Tex., Melvyn R. Leventhal, Jackson, Miss., for plaintiffs-appellants.

Franklin E. Spafford, Warren Whitham, Dallas, Tex., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

It is ordered that the judgment of the district court denying plaintiff's motion for preliminary injunction is vacated,[1] and the cause is remanded with directions that the district court in an expeditious manner, on this or a supplemented record, make full written findings of fact and conclusions of law on the merits of the cause, in the light of the principles relating to site selection and school construction enunciated in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, decided April 20, 1971, at pages 20–21, 91 S.Ct. 1278–1279, and the two cases cited by the unanimous opinion of the Court in support of those principles at page 21, 91 S.Ct. 1279: United States v. Board of Public Instruction of Polk County, Florida, 5 Cir. 1968, 395 F.2d 66, and Brewer v. School Board of Norfolk, Virginia, 5 Cir. 1968, 397 F.2d 37.

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 619.

Vacated and remanded.

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems." Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.