**Bula MILLER et al., Plaintiffs-Appellants,**

v.

**Otis ALLEN et al., Defendants-Appellees.**

**No. 30328.**

United States Court of Appeals,
Fifth Circuit.

June 16, 1971.

John McCreery, Alix Sanders, Greenwood, Miss., John C. Brittain, Jr., James A. Lewis, Oxford, Miss., Jerris Leonard, Asst. Atty. Gen., Civ. Rights Div., Dept. of Justice, Washington, D. C., for appellants.

G. Hite McLean, Greenwood, Miss., for appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

The motion of the defendant-appellees to dismiss the appeal is denied.

The judgment of the district court is vacated,[1] and the case is remanded to the

_____

S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda

district court with directions that no minority-to-minority transfer provision be allowed in the school integration plan to be implemented by the defendant Le-Flore County School District for the 1971–72 school year and subsequent years.

The district court is directed to act immediately to implement the formation of a bi-racial committee of citizens in LeFlore County to advise with the Le-Flore County School District and with the Court.

The district court shall require the Le-Flore County School District to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1971, 433 F.2d 611, 618–619.

Vacated and remanded.

and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of

this case as an extraordinary matter. Rule 2, F.R.A.P.