UNITED STATES of America,
Plaintiff,

v.

HINDS COUNTY SCHOOL BOARD
et al., Defendants.

UNITED STATES of America,
Plaintiff,

v.

NOXUBEE COUNTY SCHOOL DIS-
TRICT et al., Defendants.

Nos. 28030, 28042.

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1970.

David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for the United States.

Ernest L. Brown, Macon, Miss., for Noxubee County School Dist. and others.

Melvyn Leventhal, Jackson, Miss., for N.A.A.C.P.

Before BELL, THORNBERRY, and MORGAN, Circuit Judges.

PER CURIAM:

The findings of fact and recommendations of Honorable Dan M. Russell, Jr., United States District Judge, dated July 31, 1970, and appended hereto, amending the student assignment plan for the Noxubee County School District, are adopted and made the order of this court.

APPENDIX

FINDINGS OF FACT AND
RECOMMENDATIONS
APPENDIX

In the above styled consolidated cases, Nos. 28030 and 28042, the Fifth Cir-

cuit Court of Appeals, by order dated November 7, 1969, directed the Noxubee County School District, Noxubee County, Mississippi, in Cause No. 1372 on the docket of this Court, to adopt the school integration plan offered by the Office of Education of the Department of Health, Education and Welfare. On November 25, 1969, the N.A.A.C.P. Legal Defense and Educational Fund, Inc., was allowed to participate as amicus curiae. By order of December 30, 1969, the Appellate Court amended the HEW student assignment plan for the balance of the school year 1969–1970, and directed that the matter of future student assignments be presented to this Court according to the procedure provided for in the Appellate Court's order of November 7, 1969.

On June 5, 1970, William Bradley and others, having been so authorized by order of the Appellate Court dated March 20, 1970, intervened and filed on behalf of themselves a plan designated "Alternative School Desegregation Plan." On July 13, 1970, the school board filed its plan endorsed by a biracial committee, adopting in all respects the plan as modified by the Appellate Court, and providing that it continue for the coming school year. On July 20, 1970, the aforesaid intervenors filed numerous objections to the modified plan as adopted by the school board. On July 22, 1970, the United States of America, plaintiff, responded to the board's plan, objecting thereto on the grounds that, as implemented during the second semester of 1969–70, it had failed to disestablish the dual, racially discriminatory school system and that under it each school would retain its racial identity. The response further stated that the school district had requested technical assistance and recommendations from the Educational Resource Center at Mississippi State University and that a program officer from this center would be available at the hearing to offer suggestions for the establishment of a unitary system.

In order to afford time for this study to be made, this Court re-set its hearing to July 27, 1970, on which date the defendant board offered and filed an amended student assignment plan, incorporating therein the suggestions and recommendations offered by a three-member team from the Education Resource Center of Mississippi State University. Upon the filing of this plan, the earlier plan of the school board became moot, and neither plaintiff nor intervenors pressed their objections thereto.

Prior to the HEW plan, the Noxubee County school district operated six schools, one white and one nearby Negro school being located in each of three geographical areas, the Negro schools housing a total of 3573 students and the white schools housing 872 students. Of these schools two in the center of the county, Noxubee County High and B. F. Liddell, each accommodated grades 1–12, the remaining schools serving grades 1–8. The HEW plan proposed to assign all students in the district in grades 9–12 to the Noxubee High School, centrally located, close the Shuqualak and Brooksville Schools, formerly white, and assign grades 1–8 to B.F. Liddell, centrally located, grades 1–8 to Wilson in the northern part of the county, which would absorb the Brooksville students, and grades 1–8 to Reed in the southern part, which would absorb the Shuqualak students. This plan was obviously unworkable as it assigned a total of 1171 students in grades 9–12 to Noxubee High School which has facilities for only 280 students at the high school level.

The Appellate Court, in its modifications, undertook to establish four school attendance centers by combining each formerly Negro school with its white counterpart, the assignment of each student being determined by the courses he took, plus an arbitrary assignment of a fixed number of Negro students to formerly white schools.

Although not a part of the evidence at this hearing, the Court takes judicial notice of the fact that the Negro students of this school district, in toto, refused to accept their assignments under the modified plan and boycotted the schools for the remainder of the 1969 term.

Intervenors' plan recommended that Noxubee County High and Elementary Schools be established as a central high school serving all district students in grades 10–12; that the B. F. *Liddell Elementary and High School* serves grades 1–9 in the Macon area; that Brooksville, grades 1–4, be paired with Wilson, grades 5–8, serving all students in that area; and that Shuqualak, grades 1–4, be paired with Reed, grades 5–8, serving all students in that area. In view of the subsequently offered amended plan by the school board, intervenors merely presented their plan, making no serious contention that it was preferable to the board plan.

The defendant school board presented its amended plan through the testimony of Mr. Thomas Leroy Richie, a staff specialist in the Education Resource Center of the Department of Education of Mississippi State University, who testified on behalf of the government as well as the board. At the invitation of the school board, he first visited Noxubee County in the latter part of June 1970. He and two other members of his staff returned on July 25 and inspected each facility, noting the number of classrooms, size of playgrounds, and state of repair. He declared familiarity with the amended plan of the school board and stated that it incorporates basically his recommendations. He noted that the county is geographically divided into three zones. In the northern zone, of the two schools, Brooksville and Wilson, he stated that Wilson, the formerly Negro school, is the better facility, and for grades 1–8,

is adequate, and in the southern zone, it is academically and practically inadvisable to keep Shuqualak in operation with an enrollment of only 118 students, inasmuch as Reed has adequate facilities for all 1–8 grade students in that area. With regard to the central zone, his recommendations as to grade assignments were premised on academic considerations. As the Noxubee County High School has insufficient science, laboratory and other space for specialized courses for more than 280 students, he approved the board's proposed assignment of all 12th grade students, county-wide, to this school, and the assignment of county-wide grades 9–11 to the B. F. Liddell High School, a *much larger and better equipped facility.* He particularly agreed with the school board's expressed intention of renovating the Noxubee County High School facility to eventually become a centralized high school for grades 9–12.

Also incorporated in the school board's amended plan, is its intention to construct at or near the Noxubee County High School a vocational complex which will serve the entire district.

The amended student assignment plan, as recommended by the team of consultants and as adopted by the board proposes as follows:

| SCHOOL | GRADES | ANTICIPATED ENROLLMENT | | |
| | | W | N | T |
| --- | --- | --- | --- | --- |
| I. *NORTHERN ZONE:* | | | | |
| Brooksville—(closed) Wilson | 1–8 | 110 | 824 | 934 |
| II. *CENTRAL ZONE:* | | | | |
| Noxubee Co. High Macon Elem. | 12 | 76 | 198 | 274 |
| (Noxubee Elem.) | 6–8 | 124 | 423 | 547 |
| B. F. Liddell High | 9–11 | 188 | 652 | 840 |
| B. F. Liddell Elem. | 1–5 | 227 | 643 | 870 |
| III. *SOUTHERN ZONE:* | | | | |
| Reed | 1–8 | 100 | 454 | 554 |
| Shuqualak (closed) | | | | |

Also, any student residing within the northern zone or the southern zone will

have the privilege of transferring to the central zone as space may permit.

Upon examination of the board's amended plan, counsel for intervenors, announced his clients had no objection thereto but would withhold a formal endorsement in view of lack of time to present the plan before a full meeting of their supporters. The government, as plaintiff, registered a technical objection to the right reserved to students in the southern and northern zones to transfer to the central zone, but conceded that the amended plan is by far the most practicable before this Court. In addition to being the most practical in the sense of best utilizing the available facilities and capacities of the schools in this system, there is no constitutional deficiency in the plan as each school, as shown by the projected attendances, will have a uniform racial mixture, comparable to the county-wide ratio.

This Court recognizes and appreciates the cooperation of all parties hereto, with particular reference to the school board, in the fruition of a unitary school plan, and recommends that the amended plan presented by this school board be approved.

As to the school board's request for permission to close certain schools in the event of the failure of 85 percent of either the black or white students to attend, this Court finds such request premature, and recommends that it be rejected.

Recommended and signed in duplicate, the Clerk of this Court being directed to file one signed duplicate in his office and forward the other signed duplicate to the Clerk of the U. S. Court of Appeals for the Fifth Circuit, and mail one copy to each party of record.

(Signed)   DAN M. RUSSELL, JR.
United States
District Judge