**UNITED STATES of America,**
**Plaintiff-Appellee,**

**Danita HAMPTON et al., Plaintiff-**
**Intervenor-Appellee,**

v.

**CHOCTAW COUNTY BOARD OF EDU-**
**CATION et al., Defendants-Appellants.**

**No. 30793.**

United States Court of Appeals,
Fifth Circuit.

June 28, 1971.

J. Edward Thornton, Mobile, Ala., John Christopher, Butler, Ala., for defendants-appellants.

Charles S. White-Spunner, Jr., U. S. Atty., Frankie Field Smith, Mobile, Ala., Brian K. Landsberg, John D. Leshy, U. S. Dept. of Justice, Washington, D. C., Lowell Johnston, Jack Greenberg, New York City, for plaintiffs-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

█ The judgment of the district court is affirmed but the cause is remanded with special instructions relating to the student assignment provisions of the judgment approving the school desegregation plan for the Choctaw County Board of Education. We have concluded that it is' appropriate for the district court to consider whether the student assignment provisions of the plan comply with the principles established in the recent case of Swann v. Charlotte-Mecklenburg, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 or should be modified to bring the plan into compliance with *Swann*. We express no view on that issue but remand the cause for the district court to make a prompt determination of the issue and to take such further action, if any, that may be appropriate.

The district court shall require the school boards to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 619.

█ We have considered all of the appellants' arguments, including those based on the contention that the intervenor's motions for supplemental relief were motions charging the Choctaw County School Board with contempt; that the procedure invoked was an irregular and unprecedented violation of the Board's rights. The district court, however, repeatedly stated, at the pretrial conference on September 3, 1970, at the outset of the hearing on September 8, 1970, and during the hearing itself that it considered the motions as motions for supplemental relief only. For example, during the proceedings on September 9 the court stated:

"and I think I have told you that this is not a criminal proceeding, this is an effort for prospective relief to get the thing moving like it should so there is no worry about being punished criminally or anything   *   *   *"

Indeed, the district court's order of September 21, 1970, from which this appeal was taken, is in prospective terms, enjoining the defendants from taking or failing to take certain specific actions in the future. We hold that the district

court properly treated the motion as one for prospective supplemental relief only.

The judgment below is affirmed but remanded with instructions.