**Wilma Joyce HARRINGTON et al., Plaintiffs-Appellants,**

v.

**COLQUITT COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

No. 30572.

United States Court of Appeals, Fifth Circuit.

June 29, 1971.

C. B. King, Elliot H. Holden, Albany, Ga., Norman Chachkin, New York City, for plaintiffs-appellants.

James C. Whelchel, Hoyt H. Whelchel, Jr., Moultrie, Ga., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

 The judgment of the district court is vacated,[1] and the cause is remanded with directions to the district court to order the school board to implement a plan for the 1971–72 school term which will achieve a greater degree of desegregation among the Grey, Vereen, Wright, Cox, and Central elementary schools than now exists under the present elementary attendance zone plan. Such plan shall comply fully with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L. Ed.2d 554, and with full exploitation of the broad equitable powers available to the district court to effectuate this order as authorized in *Swann*, supra.

 The district court is ordered promptly to appoint a bi-racial committee to advise with the Board of Education and with the district court with respect to such desegregation plan.

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–619.

The mandate shall issue forthwith.

Vacated and remanded with directions.

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems." Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.