Wilma Joyce **HARRINGTON** et al., Plaintiffs-Appellees,

v.

**COLQUITT COUNTY BOARD OF EDUCATION** et al., Defendants-Appellees,

v.

**E. E. Reid, Jr., et al., Intervenor-Appellants.**

No. 71-2626.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1971.

Rehearing Denied Nov. 19, 1971.

Frank T. Holt, Thomas K. Vann, Jr., of Alexander, Vann & Lilly, Thomasville, Ga., for intervenor appellants.

James C. Whelchel, Moultrie, Ga., for Colquitt County Bd. of Education.

Hoyt H. Whelchel, Jr., Moultrie, Ga., Reuben H. Yancey, Valdosta, Ga., for Sutto.

C. B. King, Albany, Ga., for Wilma Joyce Harrington.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT:

We review[1] and vacate an order entered by the district court following the going down of our mandate under our last order in this case, Harrington v. Colquitt County Board of Education, 5 Cir. 1971, 446 F.2d 1011.

In Harrington v. Colquitt County Board of Education, supra, this Court, on June 29, 1971, directed the district court to order the school board of Colquitt County, Georgia, to

\* \* \* implement a plan for the 1971–72 school term which will achieve a greater degree of desegregation among the Grey, Vereen, Wright, Cox, and Central elementary schools than now exists under the present elementary attendance zone plan. Such plan shall comply fully with the principles established in Swann v. Charlotte-Mecklenberg Board of Education \* \* \*.

Pursuant to this order, the school board proposed a plan to the district court which would desegregate the above five grammar schools, all within the city limits of Moultrie, Georgia. In effect, the plan would create a ratio ranging from 50.9 to 56% white and 44 to 49.1% black children in each of the schools. The plaintiffs, Harrington, et al., offered no objections to the adoption of this plan. At this point, Reid, et al., white residents of the city of Moultrie, intervened in the action, objected to the school board's plan and proposed their own plan to the district court.

The intervenors' primary objection to the school board's plan was that it would leave five elementary schools outside the city limits of Moultrie with a ratio of 90% white and 10% black children. The Reid group urged that adoption of this plan would: (1) work a hardship on public education in Moultrie and destroy public support, since the city schools would have to cope with a large percentage of allegedly poorly educated economically stricken black children; (2) cause irate white parents to enroll

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed. 2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems". Upon consideration to the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

their children in all-white private schools because of this high percentage of blacks in Moultrie's elementary schools; and (3) cause a great number of white parents to move beyond Moultrie's city limits in order to escape integration since the five grammar schools outside the city limits were exempt from the school board's present plan before the district court.

The Reid intervenors asked the district court to adopt a "70–30" plan, which they felt would more fairly integrate the elementary schools in the county. (The ratio of school children in the entire county is 70% white and 30% black). In essence, this plan would create a ratio of 70% white and 30% black children in the five grammar schools in Moultrie and the five outside the city. As with the school board's plan, this result would be achieved by busing.

 In response to the intervenors' arguments, the trial court gave to this Court's order of June 29 an unnecessarily narrow construction, and thereby misconstrued its duty in the premises. The lower court, in ruling against the intervenors, stated that inasmuch as this Court's mandate of June 29 only went to the five specifically enumerated city schools he had no authority to go beyond that order and consider a plan which concerned five additional schools not mentioned on the prior appeal. The court further declared that this Court's order of June 29, by specifically naming only the five city schools, impliedly approved the rest of the school board's integration plan for the county. In conclusion, the district court held that the school board had fully complied with this Court's order and adopted their plan. Reid, et al., then brought this appeal.

On appeal, the intervenors argue that (1) the district court erred in not fully complying with the principles established in *Swann;* (2) the district court erred in interpreting the mandate of this Court; and (3) the Colquitt County school board failed to abolish a dual school system.

It is unnecessary for this Court to rule on the first and third issues presented by the appellants in order to dispose of this case, since we agree that the district court erred in its interpretation of our order of June 29. The sole issue presented for our review in that order was whether the school board's integration plan for the five enumerated elementary schools met constitutional standards. Our ruling of June 29 did *not* preclude the district court from continuing to hear evidence on and make other changes in the school board's plan, nor did this Court, by that ruling, impliedly approve of the rest of the school board's plan. This Board of Education, along with countless others is under a continuing duty to achieve a unitary school system. The court below, along with other district courts is under a continuing duty to exact compliance with that duty by the Board of Education.

Since the court below refused to conduct an evidentiary hearing on the merits of the appellant's plan, comment thereon by us at this juncture would be premature. We merely direct the district court to hold a full evidentiary hearing on this plan for consideration of its feasibility.

Nothing in this order shall preclude the district court from considering fully in the future the merits of any and all parts of the school board's plan, opposition to it, and proposed alternative plans. The district court is, of course, to conduct its deliberations under the principles outlined in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L. Ed.2d 554.

The judgment of the district court is vacated, and the cause is remanded to that court with directions to hold an evidentiary hearing upon and consider the appellants' proposed plan for integrating

**1116**

the grammar schools of Colquitt County, Georgia.

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F. 2d 611, 618–619.

The mandate shall issue forthwith.

Vacated and remanded with directions.