**UNITED STATES of America,**
**Plaintiff,**

**v.**

**The STATE OF GEORGIA, et al.,**
**Defendants-Appellees,**

**v.**

**Charlie RIDLEY, Jr., etc., et al.,**
**Intervenors-Appellants.**

**No. 29067.**

United States Court of Appeals,
Fifth Circuit.

June 18, 1970.

Rehearing Denied and Rehearing En Banc Denied Aug. 11, 1970.

Howard Moore, Jr., Peter Rindskopf, Atlanta, Ga., C. B. King, Albany, Ga., Thomas M. Jackson, Macon, Ga., John H. Ruffin, Jr., Augusta, Ga., Bobby L. Hill, Savannah, Ga., Jack Greenberg, Norman J. Chachkin, James M. Nabrit, III, New York City, for plaintiff.

Arthur K. Bolton, Atty. Gen. of Georgia, Alfred L. Evans, Jr., J. Lee Perry, Asst. Attys. Gen., Atlanta, Ga., for defendants-appellees.

---

Other interested parties: John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Frank M. Dunbaugh, D. L. Norman, Brian K. Landsberg, D. D. Gregory, U. S. Dept. of Justice, Washington, D. C.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This appeal is from the denial by the district court of the motion of Charlie Ridley, Jr., et al. to intervene in a suit brought by the United States against the State of Georgia, et al. to desegregate 81 separate Georgia school districts.[1] Appellants reside in four of the school districts. The district court authorized them to file such amicus curiae briefs as they might desire to file from time to time on the question presented.

In their motion to intervene in the district court, appellants sought to take command of the litigation through an expansion of the subject matter of the suit filed by the United States. They have, however, narrowed their position in this court. They now seek to attack only three parts of the order of the district court which was entered in favor of the United States and which dictated the conversion of the school systems involved from dual to unitary systems.

■ Under the orders of the district court, the determination whether a system was unitary was to be tested in large measure by a mathematical formula. Intervenors contend that the formula would allow variances in faculty and staff assignments from the standards required by this court and as are set out in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211, 1217–1218. This, from the face of the formula, appears to be

true. The formula permits a variance of 50 per cent in any given school from the faculty and staff ratio of the system. Intervention should be allowed on this question for the purpose of contesting the formula only and not the faculty-staff ratios of the particular schools in the 81 districts involved. The district court concluded that the interest of intervenors was being adequately represented by the United States but the United States has not appealed on this particular point as to faculty and staff.

Intervenors also contend that the formula, from the standpoint of students, contains an open invitation to confine up to 25 per cent of the minority pupils in schools having students of one race only in attendance. It is not clear from the formula that this is a fact. See paragraph (3) under that portion of the order dealing with "Integrated School District." Intervention will be allowed on this question for the same reasons that intervention is allowed on the faculty question. Intervention shall be limited to contesting the formula only and not the desegregation plans of the various school districts.

The order of the district court is directed to desegregation of the separate districts through compliance with the formula contained in the order and much flexibility is left to the separate districts from the standpoint of means used to meet the formula. Intervenors do not now seek to contest the various means used in the separate districts.

■ The other point which appellants now seek to assert as intervenors is that the desegregation time table set out by the court below is erroneous in that the plans are not to take effect until September 1, 1970. The complaint was not filed

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 [November 7, 1969], this Court has judicially determined that the ordinary procedures for appellate review in

school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems." Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.

by the United States until August 1, 1969. The district court entered its order on December 17, 1969 requiring desegregation. A time table for filing plans and for the review of the plans by the State Board of Education, HEW, and the district court was promulgated. The time table was not unreasonable nor in violation of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969) or Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970).

Reversed and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.