**UNITED STATES of America, Plaintiff,**

v.

**The STATE OF GEORGIA, et al., Defendants-Appellees,**

v.

**Charlie RIDLEY, Jr., et al., Plaintiffs-Intervenors-Appellants.**

**No. 30338.**

United States Court of Appeals, Fifth Circuit.

June 17, 1971.

Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg, Ross L. Connealy, Civil Rights Division, Dept. of Justice, Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for appellant.

Maury D. Smith, Montgomery, Ala., for appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Jerris Leonard, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for the United States.

**304**

Stephen J. Pollak, Richard M. Sharp, David Rubin, Washington, D. C., amicus curiae for the National Education Association.

Alfred L. Evans, Jr., Asst. Atty. Gen., Atlanta, Ga., for State of Georgia.

J. Lee Perry, Peter E. Rindskopf, Howard Moore, Jr., Atlanta, Ga., for Charlie Ridley, Jr., and others.

E. Freeman Leverett, Elberton, Ga., amicus curiae for Elbert County Board of Education.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BY THE COURT:

This school desegregation case is before us the second time. See our initial opinion, 1970, 428 F.2d 377, rehearing en banc denied, Id. at 379.

There are presently appeals before us by the United States of America, plaintiff, and Ridley, et al., plaintiffs-intervenors.

The motion of the State of Georgia to dismiss the appeal of Ridley, et al., plaintiffs-intervenors, for failure to file same within the *Singleton* timetable is denied.

The judgment of the District Court is reversed and the cause is remanded with direction that the District Court require defendants forthwith to implement fully the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District, en banc, 5 Cir., 1970, 419 F.2d 1211; Id., 425 F.2d 1211, insofar as said uniform provisions relate to desegregation of faculty and other staff, school construction and site selection, and attendance outside system of residence. See also Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F.2d 875.

To the limited extent that the pupil assignment plans in any of the 81 respective School Districts involved in this litigation in the District Court are contested in this appeal, the judgment of the District Court is vacated with respect thereto and the cause is remanded with direction that the District Court require defendants forthwith to constitute and implement a student assignment plan that complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, insofar as they relate to the issues presented in this case.

The mandate shall issue forthwith.

Reversed in part; vacated and remanded with direction.