# EDGAR ET AL. v. UNITED STATES

No. A–95.   Decided July 29, 1971

See: 321 F. Supp. 1043 and 330 F. Supp. 235..

MR. JUSTICE BLACK, Circuit Justice.

The Commissioner of Education of the State of Texas and the Texas Education Agency make application for a stay of the judgment of the United States Court of Appeals for the Fifth Circuit affirming the order of the United States District Court for the Eastern District of Texas, which directed the applicants to take certain affirmative action to eliminate all vestiges of discrimination from the public schools within the State. The State of Texas provides for the supervision of state education and the distribution of state educational funds through the Texas Education Agency under the direction of the Commissioner of Education. The United States brought this action against applicants on March 6, 1970, to enforce Title VI of the Civil Rights Act of 1964, 78 Stat. 252, 42 U. S. C. § 2000d *et seq.*, and the Fourteenth Amendment of the United States Constitution. The District Court, on April 20, 1971, issued its order directing the Commissioner and the Texas Education Agency to take certain specified steps to withhold funds and accreditation from school districts which failed to

meet their constitutional obligation to eliminate remaining vestiges of the dual school system. The District Court order dealt with the areas of student transfers, changes in school district boundaries, school transportation, extracurricular activities, faculty and staff practices, student assignments, curricula and compensatory education. The United States Court of Appeals for the Fifth Circuit, with certain minor alterations, unanimously affirmed the order of the District Court. The Commissioner and the Texas Education Agency then applied to the Fifth Circuit for a stay of its order pending action by this Court on the applicants' petition for certiorari yet to be filed. The Court of Appeals refused the stay. The application for stay has now been presented to me as the Circuit Justice for the Fifth Circuit.

It would be very difficult for me to suspend the order of the District Court that, in my view, does no more than endeavor to realize the directive of the Fourteenth Amendment and the decisions of this Court that racial discrimination in the public schools must be eliminated root and branch. *Green* v. *County School Board of New Kent County,* 391 U. S. 430, 437–438 (1968); see *Swann* v. *Charlotte-Mecklenburg Board of Education,* 402 U. S. 1 (1971); *United States* v. *Montgomery County Board of Education,* 395 U. S. 225 (1969). I cannot say that four Members of this Court are likely to vote to hear this case and undo what has been ordered by the District Court and Court of Appeals below.

My views need not be expressed at length. The question of granting certiorari will have to be decided by this Court when the petition properly reaches us. For me, as one Member of this Court, to grant a stay now would mean inordinate delay and would unjustifiably further postpone the termination of the dual school system that the order below was intended to accomplish. The Dis-

trict Court's opinion and order are comprehensive and well reasoned. In my judgment the facts found by the District Court, which do not appear to be materially disputed by the applicants, fully justify the order.

Under these circumstances I deny the stay and let the matter await final decision before the full Court when the petition for certiorari is properly presented for consideration. The stay is denied.

*It is so ordered.*