Albert **RAULS** and Trulie Hammond, Plaintiffs-Appellants,

v. .

**BAKER COUNTY, GEORGIA, BOARD OF EDUCATION,** et al., Defendants-Appellees.

No. 71–1271.

United States Court of Appeals, Fifth Circuit.

June 29, 1971.

Rehearing and Rehearing En Banc Denied Sept. 14, 1971.

**826**

C. B. Rogers, Stuart E. Eizenstat, Atlanta, Ga., for plaintiffs-appellants.

Frank Twitty, Camilla, Ga., for defendants-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

BY THE COURT:

This appeal was taken from the refusal of the lower court to enjoin, temporarily or permanently, the dismissal from employment, and to require reinstatement with back pay to two Negro faculty members of the appellee school system, who were refused re-employment for the 1970–71 school year under the claimed application (system-wide instead of as to each facility as the N.D.Ga. decree required) of the 50% to 150% ratio of faculty quotient approved by the United States District Court for the Northern District of Georgia in civil action Number 12972, United States of America v. The State of Georgia et al., by its order of December 17, 1969. The district court failed and refused to require the application of the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District, en banc, 5 Cir. 1970, 419 F.2d 1211, Id. 425 F.2d 1211.[1]

The judgment[2] of the lower court is reversed and the cause is remanded with directions that the lower court forthwith require that the defendants-appellees (a) reinstate the appellants Rauls and Hammond to their former faculty positions, (b) award the appellants back pay in full for the 1970–71 school year, and (c) to implement fully the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District, *en banc*, supra, insofar as said uniform provisions relate to desegregation of faculty and other staff. Any future reduction in force involving these appellants or any other faculty or staff in the Baker County, Georgia School System shall be accomplished in accordance with the uniform provisions of *Singleton* and not otherwise.

The mandate shall issue forthwith.

Reversed in part and remanded with directions.

1. There was an alternative claim below and a consequent claim of error on appeal that the discharges were effected without procedural due process of law, brought under Title 42, U.S.C., Secs. 1981, 1983 and 2000d, and Title 28, U.S. C., Sec. 1343(1)· (3). In addition to the relief sought for violation of *Singleton* standards, this claim included demands for punitive damages, attorneys' fees and expenses. Counsel for appellants expressly stated to us at oral argument that this claimed error was in the alternative and need not be considered if we reversed for violation of *Singleton*.

2. The Baker County, Georgia Board of Education, and its school district are among the 81 counties included in and covered by proceedings in the United States District Court for the Northern District of Georgia, No. 12972, United States of America v. The State of Georgia, et al. That statewide school desegregation case was the subject of a recent appeal to this Court, United States of America, Plaintiff, v. State of Georgia, et al., 445 F.2d 303 [decided June 17, 1971], in which this Court remanded with directions that the district court require the defendants (including of course Baker County, Georgia) to implement fully the uniform provisions of the decision in *Singleton, en banc*, supra, insofar as said uniform provisions *relate to desegregation of faculty and other staff*, school construction and site selection, and attendance outside system of residence. The district court was also directed to require the defendants in No. 12972 to constitute and implement student assignment plans in compliance with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, insofar as they related to the issues there present.

See also our opinion in the earlier appeal in United States of America v. State of Georgia, 1970, 428 F.2d 377.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.