UNITED STATES of America,
Plaintiff-Appellant,
Charlie Ridley, Jr., et al., Plaintiffs-
Intervenors-Appellants,

v.

STATE OF GEORGIA, et al., Defendants-
Appellees.

No. 71–2563.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1972.

David L. Norman, Acting Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., Brian K. Landsberg, Chief, Educ. Sec., Jerris Leonard, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for the United States.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Norman J. Chachkin, New York City, for intervenors.

Alfred L. Evans, Jr., Asst. Atty. Gen., J. Lee Perry, Atlanta, Ga., Frank S. Twitty, Camilla, Ga., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

This is the third in a series of appeals in the Georgia statewide school desegregation case. Prior decisions are reported at 5 Cir., 1970, 428 F.2d 377, and 5 Cir., 1971, 445 F.2d 303.

Our order dated June 17, 1971 in the second of the series of appeals reversed the judgment of the District Court and remanded the cause "with direction that the District Court require defendants forthwith to implement fully the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District, en banc, 5 Cir., 1970, 419 F.2d 1211; Id., 425 F.2d 1211, insofar as said uniform provisions relate to desegregation of faculty and other staff, school construction and site selection, and attendance outside system of residence." 445 F.2d at 304.

We also directed that the District Court require defendants, to the limited extent that pupil assignment plans in any of the 81 respective school

districts involved in this litigation were contested on this appeal, forthwith to constitute and implement a student assignment plan that complied with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). Apparently our decree was misunderstood by the District Court which declined, on motion of the United States, to implement fully the uniform provisions of *Singleton,* supra. Though some supplemental *Singleton* provisions were added relative to faculty and staff assignment, the District Court nevertheless failed to implement all of the provisions of *Singleton* relative to desegregation of faculty and staff instead of only those provisions relating to faculty and staff assignments. The District Court said that administratively it could not assume the additional responsibility for implementing these provisions and held that the relief sought was not legally required nor demanded or intended by the mandate on remand. This holding was clearly erroneous. We are compelled again, therefore, to direct that the District Court require by appropriate order that defendants forthwith implement fully *all* of the uniform provisions of our decision in *Singleton,* supra, relating to desegregation of faculty and other staff, school construction and site selection, and attendance outside system of residence.

■ At issue when we remanded this case in our decree of June 17, 1971 were pupil assignment plans in the following districts: Elbert, Newton and Taylor Counties, Rome City, Decatur City, and Dublin City. To implement our decree the United States filed a motion for supplemental relief asking for an order requiring the defendant State Board to obtain new plans for the six local districts referred to, and the Government further asked that additional hearings be set if necessary to consider whether the plans obtained from each of these districts complied with the requirements of *Swann,* supra.

The District Court, however, without hearings, denied the Government's motion for supplemental relief in regard to these six school districts. This appeal followed.

In the meanwhile, the Court has been informed that new plans have been filed and orders issued pertaining to the school districts of Rome City and Dublin City which render this appeal moot in that regard. Under the circumstances, we vacate the judgment below in regard to these two school districts and remand with direction to dismiss for mootness.

As to the school districts which remain in this appeal, namely, Elbert, Newton and Taylor Counties and Decatur City, the District Court erred in not requiring each of these school districts to submit new plans of student assignment and in not holding hearings as requested.

### Elbert County

■ The Government points out that Blackwell Elementary School has an all-black enrollment which is unnecessary since Stillwell School is less than one mile away and there are white students living nearer to Blackwell on the west and south boundaries of the zone than to the predominantly white schools to which they are assigned. Black students are being transported from Beaverdam and Falling Creek zones, outside Elberton, into Stevens and Stillwell rather than desegregate Stevens and Stillwell with the closer Blackwell School. The all-white and black school must be desegregated under the circumstances. A new plan must, therefore, be submitted and a hearing held if necessary to determine its feasibility and whether it complies with *Swann,* supra.

### Newton County

■■ There is one all-black school, East Newton, and one virtually all-white school, Heard-Mixon, which it is alleged are kept racially identifiable by allowing freedom of choice when simple zoning or pairing alternatives exist which would

completely desegregate these schools. Under freedom of choice black students living in the Heard-Mixon area are bused to East Newton, approximately six miles away. White students who live in the immediate vicinity of East Newton are bused to predominantly white Mansfield School, eight miles away. Thus, if true, we have busing in reverse. Busing of students to maintain segregation is clearly impermissible and unconstitutional. This case can best be resolved by requiring the submission of a new student assignment plan and holding of a hearing if necessary to determine whether the plan meets the requirements of *Swann,* supra.

*Decatur City*

There are a number of one-race or predominantly one-race schools in the system and a new plan using rezoning and pairing will produce substantial desegregation. A new plan, therefore, must be submitted and a hearing held if necessary to determine if the plan meets the requirements of *Swann,* supra.

*Taylor County*

The District Court held that sex separation in the Taylor County desegregation plan is constitutionally permissible and refused to allow a hearing to determine whether the plans were racially motivated. This was an erroneous ruling. The Board has a duty where sex separation is maintained in the school system to provide proof that the plan was devised and is to be promulgated for educational purposes only; therefore, the Board must show that the plan was implemented for educational rather than racially discriminatory purposes. A full hearing in this regard is required and must be held. See Comment, The Constitutionality of Sex Separation in School Desegregation Plans, 37 U. of Chi.L.Rev. 296 (1970); Comment, Sex Discrimination and Equal Protection: Do We Need a Constitutional Amendment?, 84 Harv.L.Rev. 1499, 1514–16 (1971).

Plaintiffs-intervenors desire an opportunity to challenge sex separation in six school districts in Georgia which they contend "classify by sex now that they may no longer classify by race." We will hereinafter make appropriate disposition of this request.

The District Judges who compose the District Court in this case are apparently concerned with the possible burden of holding hearings on a school-by-school, system-by-system basis in the 81 school districts involved when some problem arises in these districts from time to time. It is, of course, difficult for one District Court in the Northern District of Georgia to take upon itself the responsibility for holding all of the hearings which may be required. Georgia has two other judicial districts, namely, the Middle and Southern Districts. The Government suggests that it is within the District Court's discretion to join each local school district as a party defendant and for the convenience of the parties, witnesses, etc., to transfer the cases involving individual school districts to the various judicial districts pursuant to 28 U.S.C. § 1404(a). The Government points out that the three-Judge District Court in the Alabama statewide case accomplished that result by adding all 99 local districts as parties and then severing the individual school districts and transferring their cases to the appropriate judicial district. See Lee v. Macon County Board of Education, CA 604–E (M.D.Ala., March 31, 1970). In our view this is the appropriate procedure here, and the time is now ripe for the District Court to enter such an order or orders. In the exercise of our supervisory jurisdiction we, therefore, order that the District Court enter its decree that each of the 81 local school districts in this statewide case be made parties hereto and that the cases involving each of the 81 individual systems be severed and transferred to the appropriate judicial district under 28 U.S.C. § 1404(a). Thus will all parties concerned including intervenors be able

to assert their rights, by appropriate allegations, in the individual cases of school districts involved whose plans or practices they feel are constitutionally impermissible.

Let the mandate issue immediately.

Reversed and remanded with directions.