UNITED STATES of America,
Plaintiff,

v.

The STATE OF TEXAS et al.,
Defendants.

Eddie Mitchell TASBY et al., Intervenors-
Petitioners,

v.

Honorable Dee Brown WALKER, Judge,
et al., Respondents.

Civ. A. No. 5281.

United States District Court,
E. D. Texas,
Tyler Division.

Sept. 3, 1972.

See also 466 F.2d 518.

Joe Rich, Atty., Dept. of Justice, Civil Rights Div., Washington, D. C., Roby Hadden, U. S. Atty., Tyler, Tex., for plaintiff.

J. B. Ochoa, Jr., Edward W. Dunbar, Dallas Legal Services Foundation, Inc. and Edward Cloutman, III, Dallas, Tex., for intervenors.

Crawford Martin, Atty. Gen. of Texas, Melvin Corley, Asst. Atty. Gen., Austin, Tex., for defendants.

Arlen D. Bynum and David C. Musslewhite, Dallas, Tex., for respondents.

## MEMORANDUM OPINION AND ORDER

JUSTICE, District Judge.

In another installment of United States v. Texas, 321 F.Supp. 1043 (E.D.

Tex.1970); 330 F.Supp. 235 (1971); aff'd with modifications, 447 F.2d 441 (5th Cir. 1971); stay denied, 404 U.S. 1206, 92 S.Ct. 8, 30 L.Ed.2d 10 (Black, J.); cert. denied, 404 U.S. 1016, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972), intervenor-plaintiffs bring this action for a preliminary injunction against further proceedings in the District Court of Dallas County, 162nd Judicial District of the State of Texas, on the ground that a temporary restraining order issued by that state court directly interferes with the judgment of this court. In response to the motion of intervenor-plaintiffs (hereinafter plaintiffs), this court issued a temporary restraining order against further proceedings in the state court on August 31, 1972. The hearing on the motion for a preliminary injunction was held on September 2, 1972.

United States v. Texas, *supra*, initiated by the government in an attempt to enforce Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment, directed the Commissioner of Education of the State of Texas (hereinafter Commissioner) and the Texas Education Agency, pursuant to definite procedures, to withhold funds and accreditation from school districts that failed to meet the constitutional requirement to eliminate the vestiges of the dual school system. This court's order concerned student transfers, changes in school district boundaries, school transportation, extracurricular activities, faculty and staff practices, student assignment, and curricula and compensatory education. With minor modifications, the order was affirmed by the Fifth Circuit.

The portion of the order that is the subject of this civil action concerns the area of interdistrict student transfers. Section A(1) of the order provides that

Defendants shall not permit, make arrangement for or give support of any kind to student transfers, between school districts, when the cumulative

effect in either the sending or receiving school or school district will be to reduce or impede desegregation, or to reinforce, renew, or encourage the continuation of acts and practices resulting in the discriminatory treatment of students on the grounds of race, color or national origin.

Acting under this order, the Commissioner disapproved the request of 87 white students to transfer from the Dallas Independent School District to the all-white Highland Park Independent School District. The Highland Park superintendent was notified of the Commissioner's decision on July 14, 1972; upon request for a reconsideration, the Commissioner reaffirmed his earlier decision to deny the transfers on August 14, 1972. Two days later, the Highland Park superintendent notified the parents of the students seeking a transfer that their request would be denied.

On August 25, 1972, a group of students and parents who were denied permission to transfer brought suit in state court against the Highland Park District. Apparently proceeding on the theory that the Commissioner's ruling violated a contract between the plaintiffs and Highland Park,[1] the state court issued a temporary restraining order that enjoined Highland Park from disapproving the transfers. An amended order issued August 27, 1972, purportedly applied this decision to the named plaintiffs as well as to other students and parents residing in the so-called "Ninth Installment" of the City of Highland Park, Texas. Caught between the ruling of the Commissioner made pursuant to a federal court order and the temporary restraining order of the state court, the Highland Park District followed the state court's decision. Thus the issue is whether this court should enjoin further state court interference with a federal court order to desegregate the schools.

1. It should be noted that under elementary contract analysis an agreement between parties that purports to frustrate the vindication of constitutional rights implemented through federal court order is void.

Jurisdiction for intervenor-plaintiffs' present request for relief is based on this court's continuing jurisdiction in United States v. Texas, *supra.* The statement of jurisdiction reads as follows:

This court retains jurisdiction for all purposes including the entry of any and all further orders which may become necessary for the purpose of enforcing or modifying this Order.

321 F.Supp. 1043, 1062.

This court's jurisdiction to issue "all further orders which may become necessary for the purpose of enforcing or modifying this Order" is consistent with the power of a federal court to enforce equitable relief. Federal district courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. Defendants' motion to dismiss the present action for lack of subject matter jurisdiction raises, at least inferentially, two possible barriers to this court's action.

First, defendants argue that the so-called anti-injunction act prevents the federal district court from issuing an injunction to stay the proceedings of a state court. That statute provides that

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C.A. § 2283.

The plain reading of this statute is that this court is not precluded from enjoining state court proceedings when "necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[2] The Eighth Circuit faced nearly the identical situation that confronts this court in Thomason v. Cooper, 254 F.2d 808 (8th Cir. 1958). In *Thomason,* a federal district court entered a desegregation order against the Little Rock School Board that was subsequently affirmed by the Eighth Circuit. When an Arkansas Chancery Court · issued an order restraining the school board from carrying out the desegregation plan, the federal court enjoined further proceedings in the state court. In affirming the order of the federal district court, the Eighth Circuit—in language closely applicable to the instant case—noted that

Obviously, the decree of the state Chancery Court was in direct conflict with the judgment and decree of the federal District Court and of this Court affirming that judgment and decree. The School Board was between "the upper and the nether millstone." It had, in effect, been ordered by the federal court to carry out the plan of school integration, and had by the state court been enjoined from carrying it out. The schools were about to be opened and prompt action was imperative to enable the School Board to know whether to proceed with its plan, confirmed by the federal district and appellate courts, or whether to abandon it because of the decree of the state court.

We have no doubt whatever that the federal District Court—with all parties in interest represented, and with all the facts fully known and understood—had the power and the duty, after a hearing, in order "to protect or effectuate its judgments," to stay the state court proceedings. Whether the District Court's order be called a permanent injunction, a temporary injunction, a restraining order, or merely a stay to protect and effectuate its judgment, is, in our opinion under the

---

2. Considerations of comity articulated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and companion cases and reaffirmed in Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), bear more directly on the express exception granted to actions under the Civil Rights Act, an "Act of Congress," than to the express exception—applicable here—granted to actions "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

circumstances, of no material consequence. It is substance, not form, which is important. Compare, Stratton v. St. Louis Southwestern Railway Co., 282 U.S. 10, 17, 51 S.Ct. 8, 75 L. Ed. 135. The federal District Court was certainly not required to permit the decree of the state court to frustrate the judgment and decree of the federal court approving and effectuating the plan of the School Board for the gradual integration of the schools. A federal court should not, when prompt action is required, be compelled to indulge in useless formalities in protecting its judgments from being emasculated by state court proceedings.

■ Secondly, defendants argue that the Fifth Circuit's affirmance of this court's order in United States v. Texas, *supra*, included a provision relating to jurisdiction that precludes this court's jurisdiction in the instant action. That provision declared that

Nothing herein shall be deemed to affect the jurisdiction of any other district court with respect to any presently pending or future school desegregation suits.

447 F.2d 441, 442.

The jurisdiction of any other federal district court over school desegregation suits, whether pending or future, is not affected by the order of this court that does no more than enjoin a state court from interfering with the Commissioner of Education in effectuating the provisions of United States v. Texas, *supra*. Thus the decision here in no way assumes or affects the jurisdiction of the United States District Court for the Northern District of Texas as to any pending or future suits to desegregate the public schools. Nor does this court's decision reach the merits of the decision made by the Commissioner on these particular transfers. Whether the Commissioner properly carried out Section A(1) of this court's order in United States v. Texas, *supra*, may properly be aired in a federal district court if and when such challenge is asserted.

This court is not unaware of the complications raised in connection with orders originating from single-judge or three-judge district courts that are given state-wide application by the appellate courts. *Cf.* United States and Ridley v. Georgia, 466 F.2d 197 (5th Cir. 1972); Lee v. Macon County Board of Education (M.D.Ala. March 31, 1970). These problems, raised in the context of possible obstacles to subject matter jurisdiction in the application of the state-wide order in United States v. Texas, *supra*, may be more properly understood as objections to venue. In considering defendants' motion to dismiss, or in the alternative to transfer, because of improper venue, the distinction must be made between jurisdiction—the power to adjudicate—and venue—the choice of the place where judicial authority may be exercised for the convenience of the litigants. *See generally* Wright, Law of Federal Courts 149–50 (1970). Thus challenges to venue may be proper on the ground that the convenience to parties and witnesses and the difficulty of continuing supervision of a specific ruling made under a state-wide order require transfer. See United States v. Texas (San Felipe Del Rio Consolidated Independent School District), 466 F.2d 518 (5th Cir. 1972). In the instant case, however, this court—as stated earlier—is concerned with neither the merits of the Commissioner's ruling pursuant to Section A(1) of the order issued in United States v. Texas, *supra*, nor the problems associated with continuing supervision of a specific ruling made under the state-wide order. Rather, the court is concerned only with protecting and effectuating its judgment. The procedure of adding out-of-district parties to effectuate a state-wide desegregation order is not unusual. See Bibb County Board of Education v. United States, 389 U.S. 215, 88 S.Ct. 415, 19 L. Ed.2d 422 (1967).

■ Plaintiff-intervenors were granted leave to intervene on the ground

that their claims raised questions of law and fact in common with the main action. Rule 24(b), Fed.R.Civ.P. Objections to plaintiffs' standing to bring this action, raised in the motion to dismiss for lack of subject matter jurisdiction, are without merit. This group of students and parents residing in the Dallas District and aggrieved by state court interference in the desegregation order of a federal court possess the requisite standing. Moreover, since the court can act on the motion of original parties, or even *amicus curiae*, to take the action necessary to protect and effecutate its judgment, questions of standing pose little procedural difficulty. *Cf.* Thomason v. Cooper, *supra*, 254 F.2d at 810–811. Accordingly, it is

Ordered that defendants' motion to dismiss the above-entitled and numbered civil action for lack of subject matter jurisdiction and to dissolve this court's temporary restraining order issued August 31, 1972, or, in the alternative, to abstain, is denied. It is further

Ordered that defendants' motion to dismiss for improper venue and their motion for change of venue are denied. It is further

Ordered that defendants' demand for a jury trial is denied as frivolous. It is further

Ordered that the application for a preliminary injunction is advanced and consolidated with the trial on the merits. Rule 65(a)(2), Fed.R.Civ.P. It is further

Ordered that the District Court of Dallas County, 162nd Judicial District of the State of Texas, is permanently enjoined from further proceedings in the case of Gillespie et al. v. Highland Park Independent School District, No. 72–6487–H/I (162nd Judicial District), except for the purpose of permitting dismissal of the action or granting a nonsuit to the plaintiffs; and it is declared that the temporary restraining order issued by that court is void.

This order simply preserves the decision of the Commissioner of Education under an order that—in the words of the late Justice Black when commenting on his denial of the requested stay of this court's order—"does no more than endeavor to realize the directive of the Fourteenth Amendment and the decisions of this Court that racial discrimination in the public schools must be eliminated root and branch." 404 U.S. 1206, 1207, 92 S.Ct. 8, 9, 30 L.Ed.2d 10.